**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALLEN L. WISDOM, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES TRUSTEE PROGRAM, <br><br> Defendant. | Civil Action No. 15-1821 (JEB) |

**MEMORANDUM OPINION AND ORDER**

In a prior Memorandum Opinion, the Court refrained from resolving whether Defendant had properly withheld in part performance evaluations for a former trustee – Jeremy Gugino – under Freedom of Information Act Exemption 6; it instead ordered the United States Trustee Program to produce these records for *in camera* review. See ECF No. 28. Defendant has since supplied three such records. See ECF Nos. 31-33. Having now reviewed these documents, the Court concludes that it would benefit from further briefing by the parties before deciding whether the redactions therein are appropriate.

As the Court previously explained, to resolve this particular dispute, it must decide whether Gugino's privacy interest in the redacted information is outweighed by a public interest in its disclosure. Wisdom v. U.S. Trustee Program, 2017 WL 149952, at *17-18 (D.D.C. Jan. 13, 2017); see also Am. Immigration Lawyers Ass'n v. Exec. Office for Immigration Review, 830 F.3d 667, 673-74 (D.C. Cir. 2016). Additional briefing on this question is necessary now for two reasons.

First, USTP provided only a cursory description of these three documents in its earlier round of summary-judgment briefing. In particular, Defendant's Vaughn Index described them

1

simply as Gugino's "performance reviews" that it had redacted under Exemption 6 to prevent a clearly unwarranted invasion of his personal privacy. See ECF No. 14, Exh. Y (2015-2053 Vaughn Index) (referencing pp. 10-23 (2012 Performance Review)); ECF No. 24, Exh. K (2016-2033 Vaughn Index) (referencing pp. 15-34 (2008 Performance Review); pp. 41-63 (2010 Performance Review)). Proceeding *pro se*, Plaintiff Wisdom thus had almost no idea what information might be contained in them, and he certainly had but a scant basis to argue that such material might advance a public interest. He nevertheless speculated that these records could contain USTP discussions about the potential inadequacy of Gugino's bond coverage while he was administering bankruptcy cases. Wisdom is correct. The redacted records do in fact contain narratives written by the agency, some of which discuss whether Gugino maintained the adequate amount of bond coverage for the auctions that he contracted for as a trustee. As Plaintiff has not yet had an adequate opportunity to present a refined argument as to the potential public interest in such material, the Court believes that he should be given another chance to do so with the content of these records now in clearer focus.

Second, there has been some confusion as to the scope of the redactions in these documents. After USTP provided them for *in camera* review, it filed a notice with the Court explaining that its earlier Vaughn Index contained a "pagination error" with respect to Gugino's final performance evaluation. See ECF No. 33 at 1. But this error goes beyond the mere fact that the evaluation was listed as 14 pages when it is in fact longer. A comparison of the records turned over to Wisdom, see ECF No. 18, Exh. B, and the document provided for *in camera* review shows that the five pages Defendant omitted from its response to him were exclusively narrative sections interspersed throughout the document (as opposed to a check-list evaluation). This omission limited Wisdom's ability to identify a public interest in the redactions

because he could not have known that the records contained lengthy discussions about Gugino's conduct toward the public during his service as a trustee. These narratives, in fact, include an additional page discussing Gugino's compliance with the third "meetings of creditors" criteria, an additional page on the ninth "TIRs and Operating Chapter 7 Reports" criteria, and three additional pages talking about the thirteenth "Conduct of Trustee" criteria. Together, the length of this final evaluation, especially in comparison to the previous shorter ones, shows that USTP had in its possession much more extensive information about Gugino's potential misuse of his authority during the time in question, and that the agency discussed at length its response to that information. Indeed, from the Court's own review of these documents, they also contain material that discusses additional complaints lodged against the former trustee – complaints that were not otherwise included in the records previously turned over to Plaintiff.

The public does have some interest in these evaluations, as Defendant's own affidavits in the previous round of briefing concede, to the extent that they contain "information that would shed light on the United States Trustee's execution of its mission to oversee private trustees under 28 U.S.C. § 586." ECF No. 14-1 (Declaration of Joseph Carilli), ¶ 34; see also Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773 (1989) (acknowledging valid public interest in FOIA context where information would serve FOIA's core purpose of shedding light on agency's performance of its statutory duties). Not only do these records appear to include such material, but they also contain much more of it than Wisdom previously could have surmised. As alluded to above, these omitted pages contain substantial discussions about the nature and results of the agency's response to and investigation of complaints lodged against Gugino, as well as its communications to him about the same.

The question, of course, is whether such a public interest outweighs Gugino's privacy

interest in his evaluations.  See Carter v. Dep't of Commerce, 830 F.2d 388, 390-911 nn.8 & 13 (D.C. Cir. 1987).  To give Plaintiff a fair shot at meeting his burden, the Court must give him another chance to brief the issue as to these particular records.  This issue, then, should also be covered in the parties' subsequent round of briefing.

For the reasons set forth above, the Court ORDERS that the parties shall include in their briefing (set by Minute Order of January 30, 2017) a discussion of the private and public interests implicated by the three performance evaluations.

**SO ORDERED.**

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: February 8, 2017